ALBERT FUR SHOP CO v MOSKOWITZ

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10040. Decided October 7, 1929

Messrs. Klein, Harris & Diehm, Cleveland, for Fur Shop Co.
Messrs. Sanders, Monaghan & Sanders, Cleveland, for Moskowitz.

SULLIVAN, J.

It appears that two years after the purchase of the goods in question the Seidners moved to Cleveland and incorporated The Albert Fur Shop Co., under the laws of Ohio and did business at East 105th St. in this city. In order to hold the Ohio corporation, it would have to be shown by the record that the assets of the New York corporation were taken over by The Albert Fur Shop Co., the Ohio corporation and that there was a mutual agreement that the successor corporation would pay the debts of the old corporation, particularly the debt in question, but there is no evidence of a legal nature in the record, establishing this foundation for recovery. On the contrary it appears that the Seidners personally assumed the indebtedness by correspondance that what was known as the Albert Fur Shoppe, was not a corporation but a partnership of the Seidners, notwithstanding that subsequently The Albert Fur Shop Co., was organized under Ohio laws, and these letters are signed by Mrs. Seidner and S. Seidner and there are several of them which are convincing as against the Seidners personally although at the time the property was sold, the Seidners were doing business as a New York corporation.

We do not think that the court, under the record, in pronouncing judgment against The Albert Fur Shop Co., had any foundation in law for such action as there was no evidence of an affirmative nature that the deal was made with the Ohio corporation or that the Ohio corporation succeeded to the assets and had agreed to take over the accounts of the corporation in New York. In fact there is no connection between the Ohio corporation as to the responsibility for the old accounts with the New York corporation or

with the partnership or the individual, and therefore we find no basis for the conclusion reached by the learned judge below.

Holding these views the judgment of the lower court is hereby 'reversed and the cause remanded for further proceedings according to law, on the ground that the judgment is contrary to the weight of the evidence and the law.

Vickery, PJ, and Levine, J, concur.